PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN AGOSTO OTERO, Defendant and Appellant.

No. 4291. Argued January 23, 1931—Decided March 31, 1931.

*Dubón & Ochoteco* for appellant. *R. A. Gómez* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Juan Agosto Otero was charged in the Municipal Court of Río Piedras with driving an automobile so negligently as to cause it to collide with another, in which traveled Isabel Vaughan, who sustained several bruises and a broken rib. The court found him guilty. He took an appeal to the District Court of San Juan, where he was again convicted; whereupon he appealed to this Court.

Several errors are assigned in the brief. One of them relates to the district attorney having been permitted to improperly impeach one of his own witnesses, and the others concern the erroneous weighing of the evidence. It also appears from the record that the want of jurisdiction of the Municipal Court of Río Piedras was pleaded, and similarly that the defendant had been twice put in jeopardy for the same offense before the Municipal Court of San Juan.

The case has been carefully considered by this Court, which has reached the unanimous conclusion that the judgment appealed from must be reversed, because the evidence introduced by the prosecution is insufficient to prove beyond .a reasonable doubt the guilt of the defendant.

At the trial *de novo* in the district court the defendant testified that the car was not being driven by him at the time of the accident but by its owner, Ramón B. Roig, whose testimony was to the same effect and who explained that he had a learner's permit and that the defendant, who was an expert driver, was sitting by his side but was not driving the car.

The testimony on which the judgment of conviction was based was given by F. W. Vaughan and Dr. Payne. None of them saw the defendant Otero driving the car but their testimony tended to show that Otero and Roig had admitted, shortly after the accident, that it was Otero who was driving. We say it tended to show, but our conscience as judges forbids us to assert that the testimony showed beyond a

reasonable doubt that it was Otero who operated the car. Otero and Roig talked in Spanish. Dr. Payne knew Spanish; Mr. Vaughan understood it a little. Roig and Otero explained that what had been admitted was that Otero was the chauffeur of the car, not that he drove it. Roig maintained not only in the district court but also in the Municipal Court of Río Piedras and in the Municipal Court of San Juan that it was he who was driving the car. Really the test made by the municipal judge of Río Piedras to contradict his testimony has no great importance, because it was not in the open road that he put the witness to operate the car. What he did was to put the witness to extricate a car from a place where it was practically jammed in, a difficult maneuver even for expert drivers; and Roig has stated that he was learning how to drive and it was precisely for that reason that he had the chauffeur Otero by his side.

It may be that Otero is guilty; it may be that the judgments rendered by the municipal court and by the district court are just; but in view of the reasonable and well-founded doubt arising in our minds the judgment appealed from must be reversed and the defendant discharged.